JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX H

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Bentley A. Hollander
220 West Rittenhouse Square, Apt. 18B
Philadelphia, PA 19103

## DEFENDANTS

Ortho-McNeil-Janssen Pharmaceuticals, Inc.
1125 Trenton-Harbourton Road
Titusville, NJ 08560

(b) County of Residence of First Listed Plaintiff   __Philadelphia__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Mercer
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Aaron J. Freiwald, Esquire
Layser & Freiwald, P.C.     (215) 875-8000
1500 Walnut Street, 18th Fl., Phila., PA 19102

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action for false patent marking under Title 35, Section 292, of the United States Code.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

       (b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

       (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

 II.      Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BENTLEY A. HOLLANDER<br>220 West Rittenhouse Square, Apt. 18B<br>Philadelphia, PA 19103 | :<br>:   CIVIL ACTION<br>:<br>:   No. _____ |
| Plaintiff/Relator | : |
| v. | :<br>: |
| ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC.<br>1125 Trenton-Harbourton Road<br>Titusville, NJ 08560-200 | :<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT

Plaintiff/Relator Bentley A. Hollander, by his undersigned counsel, avers as follows:

### Nature of Action

1.      This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.      As set forth in detail below, Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("Ortho") has repeatedly and knowingly violated 35 U.S.C. § 292(a) by falsely marking numerous units of its products for the purpose of deceiving the public into believing that the products were covered by valid patents when, in fact, such patents had expired.

3.      Plaintiff seeks the imposition of a fine against Ortho, one half of which shall be paid to the United States of America, as provided for in 25 U.S.C. § 292(b).

**The Parties**

4.      Plaintiff/Relator Bentley A. Hollander ("Hollander") is an adult individual, residing at 220 West Rittenhouse Square, Apartment 18B, Philadelphia, Pennsylvania 19103.

5.      Defendant Ortho is a global pharmaceutical company with headquarters located at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560-20.

**Jurisdiction and Venue**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(c) and 1395(a), because Ortho has conducted business and continues to conduct business in this judicial district, through, among other things, the sale of products that are the subject of this action.

8.      Hollander has standing to bring this action pursuant to 35 U.S.C. § 292(b), which provides that "any person" may bring action for civil money penalties for false patent marking.

**Factual Background**

9.      Defendant Ortho is a global pharmaceutical and health care products company, with annual sales in the hundreds of millions of dollars.

10.     On information and belief, Defendant Ortho manufactures and sells (or causes to be manufactured and sold) hundreds of thousands of units of its products in the United States, including this judicial district.

11.     Defendant Ortho is a sophisticated global healthcare business, competing with other major global healthcare concerns in this country and around the world.

12.     As a highly sophisticated business entity, Ortho has extensive experience with the application for, procurement of, and publication of its patents and other intellectual property interests in the United States.

13.     Defendant Ortho claims to own or have licenses under a substantial number of patents or patent applications.

### The Patents at Issue

14.     Ortho manufacturers a number of health care related products, including prescription drugs.

15.     One of Defendant's products, Risperdone, is a medication used to treat schizophrenia and other mood disturbances.

16.     Defendant's product literature and labeling information describe numerous Risperdone fomulations, summarized as follows:

| NDC No. | Product |
| --- | --- |
| 50458-300-01 | Risperdone tablet (1 mg)(10-tablet pack) |
| 50458-300-06 | Risperdone tablet (1 mg)(60-tablet bottle) |
| 50458-300-50 | Risperdone tablet (1 mg)(500-tablet bottle) |
| 50458-301-01 | Risperdone tablet (0.25 mg)(10-tablet pack) |
| 50458-301-04 | Risperdone tablet (0.25 mg)(60-tablet bottle) |
| 50458-301-50 | Risperdone tablet (0.25 mg)(500-tablet bottle) |
| 50458-302-01 | Risperdone tablet (0.5 mg)(10-tablet pack) |
| 50458-302-06 | Risperdone tablet (0.5 mg)(60-tablet bottle) |
| 50458-302-50 | Risperdone tablet (0.5 mg)(500-tablet bottle) |

50458-305-03      Risperdone solution (30 mL bottle)
50458-315-28      Risperdone orally-disintegrating tablet (1 mg)(7-tablet pack)
50458-315-30      Risperdone orally-disintegrating tablet
                  (1 mg)(30-tablet bottle)
50458-320-01      Risperdone tablet (2 mg)(10-tablet pack)
50458-320-06      Risperdone tablet (2 mg)(60-tablet bottle)
50458-320-50      Risperdone tablet (2 mg)(500-tablet bottle)
50458-325-28      Risperdone orally-disintegrating tablet (2 mg)(7-tablet pack)
50458-330-01      Risperdone tablet (3 mg)(7-tablet pack)
50458-330-06      Risperdone tablet (3 mg)(60-tablet bottle)
50458-330-50      Risperdone tablet (3 mg)(500-tablet bottle)
50458-335-28      Risperdone orally-disintegrating tablet (3 mg)(7-tablet pack)
50458-355-28      Risperdone orally-disintegrating tablet (4 mg)(7-tablet pack)
50458-350-01      Risperdone tablet (2 mg)(10-tablet pack)
50458-350-06      Risperdone tablet (2 mg)(60-tablet bottle)
50458-395-28      Risperdone orally-disintegrating tablet (0.5 mg)(7-tablet pack)
50458-395-30      Risperdone orally-disintegrating tablet
                  (0.5 mg)(30-tablet bottle)

17.     Defendant Ortho claims that all of the Risperdone products identified

above are covered by U.S. Patent No. 4,804,663 and has held them out as such and

continues to hold them out as such.

18.     U.S. Patent No. 4,804,663 expired on December 29, 2007.

19.     Defendant Ortho has falsely marked and continues to falsely mark its

Risperdone products with an expired patent.

20.     Ortho knows or reasonably should know that it is falsely marking its

Risperdone products with an expired patent.

21.     Defendant Ortho also manufactures Nizoral, a medicated dandruff

shampoo.

22.     Nizoral is marked with U.S. Patent No. 4,335,125.

23.     U.S. Patent No. 4,335,125 expired on June 15, 2000.

24.     Defendant Ortho also manufactures Terconazole, an antifungal agent

used to treat vaginal yeast infections.

25.    Terconazole comes in three different formulations, as follows:

| NDC No. | Product |
|---------|---------|
| 0062-5350-01 | Terconazole cream (45g tube) |
| 0062-5356-01 | Terconazole cream (20g tube) |
| 0062-5351-01 | .Terconazole suppository (80g) |

26.    Defendant Ortho claims and holds out each of these Terconazole

products as covered by U.S. Patent No. D279,504.

27.    U.S. Patent No. D279,504 expired on July 2, 1999.

28.    Defendant Ortho also manufactures Ofloxacin, a synthetic

chemotherapeutic antibiotic of the fluoroquinoline drug class.

29.    Ofloxacin comes in three different product formulations, as follows:

| NDC No. | Product |
|---------|---------|
| 0062-1540-02 | Ofloxacin tablets (200 mg) |
| 0062-1541-02 | Ofloxacin tablets (300 mg) |
| 0062-1542-02 | Ofloxacin tablets (400 mg) |

30.    Defendant Ortho has held out and continues to hold out each of the

Ofloxacin products as being covered by U.S. Patent No. 4,382,892.

31.    U.S. Patent No. 4,382,892 expired on September 2, 2003.

32.    Defendant Ortho also manufactures Reminyl – now called Razadyne –

a drug used for the treatment of mild to moderate dementia associated with

Alzheimer's Disease.

33.    Razadyne comes in serveral different product formulations, as

follows:

| NDC No. | Product |
|---------|---------|
| 50458-387-30 | Galantamine hydrobromide capsules (8 mg) |
| 50458-388-30 | Galantamine hydrobromide capsules (16 mg) |
| 50458-389-30 | Galantamine hydrobromide capsules (24 mg) |
| 50458-390-10 | Galantamine hydrobromide solution (100 mL) |
| 50458-396-60 | Galantamine hydrobromide tablets (4 mg) |

50458-397-60     Galantamine hydrobromide tablets (8 mg)
50458-398-60     Galantamine hydrobromide tablets (12 mg)

34.     Defendant Ortho has marked each of the above Razadyne products, and continues to mark these products, with U.S. Patent No. 4,663,318.

35.     U.S. Patent No. 4,663,318 expired on December 14, 2008.

36.     Defendant Ortho knows or reasonably should know of the requirements and provisions of 35 U.S.C. §292.

37.     Ortho knows or reasonably should know that the purpose of marking a product with a patent number is to put competitors and the public on notice of exclusive and legally enforceable rights as to that product.

38.     Upon information and belief, Defendant Ortho has marked and continues to mark many of its products with expired patents for the purpose of deceiving the public and its competitors.

39.     By knowingly marking and continuing to mark what are likely millions of units of products with expired patents, Defendant Ortho has injured the sovereign interests of the United States and has discouraged or deterred honest competition and innovation.

40.     By knowingly marking and continuing to mark what are likely millions of units of products with expired patents, Defendant Ortho has profited significantly and unjustly, in amounts to be determined during discovery in this case.

**COUNT I**
**False Marking of**
**50458-300-01 Risperdone tablet (1 mg)(10-tablet pack)**

41.     The preceding paragraphs are incorporated here by reference.

42.     Defendant Ortho manufactures and sells a product identified as 50458-300-01 RISPERDONE TABLET (1 mg)(10-TABLET PACK).

43.     Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

44.     U.S. Patent 4,804,663 expired on December 29, 2007.

45.     Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

46.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT II
### False Marking of
### 50458-300-06 Risperdone tablet (1 mg)(60-tablet bottle)

47.     The preceding paragraphs are incorporated here by reference.

48.     Defendant Ortho manufactures and sells a product identified as 50458-300-06 RISPERDONE TABLET (1 mg)(60-TABLET BOTTLE).

49.     Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

50.     U.S. Patent 4,804,663 expired on December 29, 2007.

51.     Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

52.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT III
### False Marking of
### 50458-300-50 Risperdone tablet (1 mg)(500-tablet bottle)

53.     The preceding paragraphs are incorporated here by reference.

54.     Defendant Ortho manufactures and sells a product identified as

50458-300-50 RISPERDONE TABLET (1 mg)(500-TABLET BOTTLE).

55.     Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

56.     U.S. Patent 4,804,663 expired on December 29, 2007.

57.     Since December 29, 2007, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,804,663.

58.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.

## COUNT IV
### False Marking of
### 50458-301-01 Risperdone tablet (0.25 mg)(10-tablet pack)

59.     The preceding paragraphs are incorporated here by reference.

60.     Defendant Ortho manufactures and sells a product identified as

50458-301-01 RISPERDONE TABLET (0.25 mg)(10-TABLET PACK).

61.     Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

62.     U.S. Patent 4,804,663 expired on December 29, 2007.

63.     Since December 29, 2007, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,804,663.

64.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT V
### False Marking of
### 50458-301-04 Risperdone tablet (0.25 mg)(60-tablet bottle)

65.     The preceding paragraphs are incorporated here by reference.

66.     Defendant Ortho manufactures and sells a product identified as 50458-301-04 RISPERDONE TABLET (0.25 mg)(60-TABLET BOTTLE).

67.     Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

68.     U.S. Patent 4,804,663 expired on December 29, 2007.

69.     Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

70.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT VI
### False Marking of
### 50458-301-50 Risperdone tablet (0.25 mg)(500-tablet bottle)

71.     The preceding paragraphs are incorporated here by reference.

72.     Defendant Ortho manufactures and sells a product identified as 50458-301-50 RISPERDONE TABLET (0.25 mg)(500-TABLET BOTTLE).

73.     Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

74.   U.S. Patent 4,804,663 expired on December 29, 2007.

75.   Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

76.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT VII
### False Marking of
### 50458-302-01 Risperdone tablet (0.5 mg)(10-tablet pack)

77.   The preceding paragraphs are incorporated here by reference.

78.   Defendant Ortho manufactures and sells a product identified as 50458-302-01 RISPERDONE TABLET (0.5 mg)(10-TABLET PACK).

79.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

80.   U.S. Patent 4,804,663 expired on December 29, 2007.

81.   Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

82.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT VIII
### False Marking of
### 50458-302-06 Risperdone tablet (0.5 mg)(60-tablet bottle)

83.   The preceding paragraphs are incorporated here by reference.

84.     Defendant Ortho manufactures and sells a product identified as 50458-302-06 RISPERDONE TABLET (0.5 mg)(60-TABLET BOTTLE).

85.     Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

86.     U.S. Patent 4,804,663 expired on December 29, 2007.

87.     Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

88.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

**COUNT IX**
**False Marking of**
**50458-302-50 Risperdone tablet (0.5 mg)(500-tablet bottle)**

89.     The preceding paragraphs are incorporated here by reference.

90.     Defendant Ortho manufactures and sells a product identified as 50458-302-50 RISPERDONE TABLET (0.5 mg)(500-TABLET BOTTLE).

91.     Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

92.     U.S. Patent 4,804,663 expired on December 29, 2007.

93.     Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

94.     Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT X
### False Marking of
**50458-305-03 Risperdone solution (30 mL bottle)**

95.     The preceding paragraphs are incorporated here by reference.

96.     Defendant Ortho manufactures and sells a product identified as

50458-305-03 RISPERDONE SOLUTION (30 mL bottle)

97.     Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

98.     U.S. Patent 4,804,663 expired on December 29, 2007.

99.     Since December 29, 2007, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,804,663.

100.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.

## COUNT XI
### False Marking of
**50458-315-28 Risperdone orally-disintegrating tablet (1 mg)(7-tablet pack)**

101.    The preceding paragraphs are incorporated here by reference.

102.    Defendant Ortho manufactures and sells a product identified as

50458-315-28 RISPERDONE ORALLY-DISINTEGRATING TABLET (1 mg)(7-tablet

pack).

103.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

104.    U.S. Patent 4,804,663 expired on December 29, 2007.

105.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

106.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XII
### False Marking of
### 50458-315-30 Risperdone orally-disintegrating tablet
### (1 mg)(30-tablet bottle)

107.    The preceding paragraphs are incorporated here by reference.

108.    Defendant Ortho manufactures and sells a product identified as 50458-315-30 RISPERDONE ORALLY-DISINTEGRATING TABLET (1 mg)(30-TABLET BOTTLE).

109.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

110.    U.S. Patent 4,804,663 expired on December 29, 2007.

111.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

112.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XIII
### False Marking of
### 50458-320-01 Risperdone tablet (2 mg)(10-tablet pack)

113.    The preceding paragraphs are incorporated here by reference.

114.    Defendant Ortho manufactures and sells a product identified as

50458-320-01 RISPERDONE TABLET (2 mg)(10-TABLET PACK).

115.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

116.    U.S. Patent 4,804,663 expired on December 29, 2007.

117.    Since December 29, 2007, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,804,663.

118.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.

## COUNT XIV
### False Marking of
### 50458-320-06 Risperdone tablet (2 mg)(60-tablet bottle)

119.    The preceding paragraphs are incorporated here by reference.

120.    Defendant Ortho manufactures and sells a product identified as

50458-320-06 RISPERDONE TABLET (2 mg)(60-TABLET BOTTLE).

121.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

122.    U.S. Patent 4,804,663 expired on December 29, 2007.

123.    Since December 29, 2007, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,804,663.

124.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.

## COUNT XV
### False Marking of
### 50458-320-50 Risperdone tablet (2 mg)(500-tablet bottle)

125.    The preceding paragraphs are incorporated here by reference.

126.    Defendant Ortho manufactures and sells a product identified as

50458-320-50 RISPERDONE TABLET (2 mg)(500-TABLET BOTTLE).

127.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

128.    U.S. Patent 4,804,663 expired on December 29, 2007.

129.    Since December 29, 2007, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,804,663.

130.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.

## COUNT XVI
### False Marking of
### 50458-325-28 Risperdone orally-disintegrating tablet
### (2 mg)(7-tablet pack)

131.    The preceding paragraphs are incorporated here by reference.

132.    Defendant Ortho manufactures and sells a product identified as

50458-325-28 RISPERDONE ORALLY-DISINTEGRATING TABLET (2 mg)(7-TABLET

PACK).

133.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,804,663.

134.    U.S. Patent 4,804,663 expired on December 29, 2007.

135.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

136.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XVII
## False Marking of
## 50458-330-01 Risperdone tablet (3 mg)(10-tablet pack)

137.    The preceding paragraphs are incorporated here by reference.

138.    Defendant Ortho manufactures and sells a product identified as 50458-330-01 RISPERDONE TABLET (3 mg)(10-TABLET PACK).

139.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

140.    U.S. Patent 4,804,663 expired on December 29, 2007.

141.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

142.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XVIII
## False Marking of
## 50458-330-06 Risperdone tablet (3 mg)(60-tablet bottle)

143.    The preceding paragraphs are incorporated here by reference.

144.    Defendant Ortho manufactures and sells a product identified as 50458-330-06 RISPERDONE TABLET (3 mg)(60-TABLET BOTTLE).

145.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

146.   U.S. Patent 4,804,663 expired on December 29, 2007.

147.   Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

148.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XIX
### False Marking of
**50458-330-50 Risperdone tablet (3 mg)(500-tablet bottle)**

149.   The preceding paragraphs are incorporated here by reference.

150.   Defendant Ortho manufactures and sells a product identified as 50458-330-50 RISPERDONE TABLET (3 mg)(500-TABLET BOTTLE).

151.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

152.   U.S. Patent 4,804,663 expired on December 29, 2007.

153.   Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

154.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XX
### False Marking of
**50458-335-28 Risperdone orally-disintegrating tablet (3 mg)(7-tablet pack)**

155.   The preceding paragraphs are incorporated here by reference.

156.   Defendant Ortho manufactures and sells a product identified as 50458-335-28 RISPERDONE ORALLY-DISINTEGRATING TABLET (3 mg)(7-TABLET PACK).

157.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

158.   U.S. Patent 4,804,663 expired on December 29, 2007.

159.   Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

160.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT XXI
### False Marking of
### 50458-355-28 Risperdone orally-disintegrating tablet (4 mg)(7-tablet pack)

161.   The preceding paragraphs are incorporated here by reference.

162.   Defendant Ortho manufactures and sells a product identified as 50458-355-28 RISPERDONE ORALLY-DISINTEGRATING TABLET (4 mg)(7-TABLET PACK).

163.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

164.   U.S. Patent 4,804,663 expired on December 29, 2007.

165.   Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

166.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT XXII
### False Marking of
### 50458-350-01 Risperdone tablet (2 mg)(10-tablet pack)

167.    The preceding paragraphs are incorporated here by reference.

168.    Defendant Ortho manufactures and sells a product identified as 50458-350-01 RISPERDONE TABLET (2 mg)(10-TABLET PACK).

169.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

170.    U.S. Patent 4,804,663 expired on December 29, 2007.

171.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

172.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT XXIII
### False Marking of
### 50458-350-06 Risperdone tablet (2 mg)(60-tablet bottle)

173.    The preceding paragraphs are incorporated here by reference.

174.    Defendant Ortho manufactures and sells a product identified as 50458-350-06 RISPERDONE TABLET (2 mg)(60-TABLET BOTTLE).

175.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

176.    U.S. Patent 4,804,663 expired on December 29, 2007.

177.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

178.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXIV
### False Marking of
**50458-395-28 Risperdone orally-disintegrating tablet (0.5 mg)(7-tablet pack)**

179.    The preceding paragraphs are incorporated here by reference.

180.    Defendant Ortho manufactures and sells a product identified as 50458-395-28 RISPERDONE ORALLY-DISINTEGRATING TABLET (0.5 mg)(7-TABLET PACK).

181.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

182.    U.S. Patent 4,804,663 expired on December 29, 2007.

183.    Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

184.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXV
### False Marking of
**50458-395-30 Risperdone orally-disintegrating tablet
(0.5 mg)(30-tablet bottle)**

185.    The preceding paragraphs are incorporated here by reference.

186. Defendant Ortho manufactures and sells a product identified as 50458-395-30 RISPERDONE ORALLY-DISINTEGRATING TABLET (0.5 mg)(30-TABLET BOTTLE).

187. Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,804,663.

188. U.S. Patent 4,804,663 expired on December 29, 2007.

189. Since December 29, 2007, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,804,663.

190. Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXVI
### False Marking of
### 50458-680-08 Ketocoanzole shampoo (120 mL bottle)

191. The preceding paragraphs are incorporated here by reference.

192. Defendant Ortho manufactures and sells a product identified as 50458-680-08 KETOCOANZOLE SHAMPOO (120 mL BOTTLE), also known as NIZORAL.

193. Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,335,125.

194. U.S. Patent 4,335,125 expired on June 15, 2000.

195. Since June 15, 2000, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,335,125.

196.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXVII
### False Marking of
### 0062-5350-01 Terconazole Cream (45g tube)

197.   The preceding paragraphs are incorporated here by reference.

198.   Defendant Ortho manufactures and sells a product identified as 0062-5350-01 TERCONAZOLE CREAM (45g TUBE), aka TERAZOL.

199.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. D279,504.

200.   U.S. Patent D279,504 expired on July 2, 1999.

201.   Since July 2, 1999, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent D279,504.

202.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXVIII
### False Marking of
### 0062-5356-01 Terconazole Cream (20g tube)

203.   The preceding paragraphs are incorporated here by reference.

204.   Defendant Ortho manufactures and sells a product identified as 0062-5356-01 TERCONAZOLE CREAM (20g TUBE), aka TERAZOL.

205.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. D279,504.

206.   U.S. Patent D279,504 expired on July 2, 1999.

207.   Since July 2, 1999, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent D279,504.

208.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXIX
### False Marking of
### 0062-5351-01 Terconazole Suppository (80 mg)

209.   The preceding paragraphs are incorporated here by reference.

210.   Defendant Ortho manufactures and sells a product identified as 0062-5351-01 TERCONAZOLE SUPPOSITORY (80 mg), aka TERAZOL.

211.   Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. D279,504.

212.   U.S. Patent D279,504 expired on July 2, 1999.

213.   Since July 2, 1999, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent D279,504.

214.   Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXX
### False Marking of
### 0062-1540-02 Ofloxacin tablets (200 mg)

215.   The preceding paragraphs are incorporated here by reference.

216.    Defendant Ortho manufactures and sells a product identified as 0062-1540-02 OFLOXACIN TABLETS (200 mg).

217.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,382,892.

218.    U.S. Patent 4,382,892 expired on September 2, 2003.

219.    Since September 2, 2003, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,382,892.

220.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXXI
### False Marking of
### 0062-1541-02 Ofloxacin tablets (300 mg)

221.    The preceding paragraphs are incorporated here by reference.

222.    Defendant Ortho manufactures and sells a product identified as 0062-1541-02 OFLOXACIN TABLETS (300 mg).

223.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,382,892.

224.    U.S. Patent 4,382,892 expired on September 2, 2003.

225.    Since September 2, 2003, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,382,892.

226.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXXII
### False Marking of
### 0062-1542-02 Ofloxacin tablets (400 mg)

227.    The preceding paragraphs are incorporated here by reference.

228.    Defendant Ortho manufactures and sells a product identified as 0062-

1542-02 OFLOXACIN TABLETS (400 mg).

229.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,382,892.

230.    U.S. Patent 4,382,892 expired on September 2, 2003.

231.    Since September 2, 2003, Defendant Ortho knew or reasonably should

have known that this product was not covered by U.S. Patent 4,382,892.

232.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.

## COUNT XXXIII
### False Marking of
### 50458-387-30 Galantamine hydrobromide capsules (8 mg)

233.    The preceding paragraphs are incorporated here by reference.

234.    Defendant Ortho manufactures and sells a product identified as

50458-387-30 GALANTAMINE HYDROBROMIDE CAPSULES (8 mg).

235.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,663,318.

236.    U.S. Patent 4,663,318 expired on December 14, 2008.

237.    Since December 14, 2008, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,663,318.

238. Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXXIV
### False Marking of
### 50458-388-30 Galantamine hydrobromide capsules (16 mg)

239. The preceding paragraphs are incorporated here by reference.

240. Defendant Ortho manufactures and sells a product identified as 50458-388-30 GALANTAMINE HYDROBROMIDE CAPSULES (16 mg).

241. Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,663,318.

242. U.S. Patent 4,663,318 expired on December 14, 2008.

243. Since December 14, 2008, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,663,318.

244. Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

## COUNT XXXV
### False Marking of
### 50458-389-30 Galantamine hydrobromide capsules (24 mg)

245. The preceding paragraphs are incorporated here by reference.

246. Defendant Ortho manufactures and sells a product identified as 50458-389-30 GALANTAMINE HYDROBROMIDE CAPSULES (24 mg).

247. Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,663,318.

248. U.S. Patent 4,663,318 expired on December 14, 2008.

249. Since December 14, 2008, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,663,318.

250. Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT XXXVI
### False Marking of
### 50458-390-10 Galantamine hydrobromide solution (100 mL)

251. The preceding paragraphs are incorporated here by reference.

252. Defendant Ortho manufactures and sells a product identified as 50458-390-10 GALANTAMINE HYDROBROMIDE SOLUTION (100 mL).

253. Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,663,318.

254. U.S. Patent 4,663,318 expired on December 14, 2008.

255. Since December 14, 2008, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,663,318.

256. Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT XXXVII
### False Marking of
### 50458-396-60 Galantamine hydrobromide capsules (4 mg)

257. The preceding paragraphs are incorporated here by reference.

258.    Defendant Ortho manufactures and sells a product identified as 50458-396-60 GALANTAMINE HYDROBROMIDE CAPSULES (4 mg).

259.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,663,318.

260.    U.S. Patent 4,663,318 expired on December 14, 2008.

261.    Since December 14, 2008, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,663,318.

262.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

### COUNT XXXVIII
### False Marking of
### 50458-397-60 Galantamine hydrobromide capsules (8 mg)

263.    The preceding paragraphs are incorporated here by reference.

264.    Defendant Ortho manufactures and sells a product identified as 50458-397-60 GALANTAMINE HYDROBROMIDE CAPSULES (8 mg).

265.    Defendant Ortho has marked and has continued to mark each unit of this product with the U.S. Patent No. 4,663,318.

266.    U.S. Patent 4,663,318 expired on December 14, 2008.

267.    Since December 14, 2008, Defendant Ortho knew or reasonably should have known that this product was not covered by U.S. Patent 4,663,318.

268.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a) by marking or causing to be marked each unit of this product with an expired patent for the purpose of deceiving the public.

**COUNT XXXIX**
**False Marking of**
**50458-398-60 Galantamine hydrobromide capsules (12 mg)**

269.    The preceding paragraphs are incorporated here by reference.

270.    Defendant Ortho manufactures and sells a product identified as

50458-398-60 GALANTAMINE HYDROBROMIDE CAPSULES (12 mg).

271.    Defendant Ortho has marked and has continued to mark each unit of

this product with the U.S. Patent No. 4,663,318.

272.    U.S. Patent 4,663,318 expired on December 14, 2008.

273.    Since December 14, 2008, Defendant Ortho knew or reasonably

should have known that this product was not covered by U.S. Patent 4,663,318.

274.    Defendant Ortho has violated and continues to violate 35 U.S. § 292(a)

by marking or causing to be marked each unit of this product with an expired patent

for the purpose of deceiving the public.


**Prayer for Relief**

WHEREFORE, Plaintiff/Relator Hollander respectfully requests that this

Court:

a.    Find that Defendant Ortho's manufacture, advertising, and sale of

products with false patent markings or false patent assertions violate 35 U.S.C. §

292(a);

b.    Enter judgment against Ortho and in favor of Hollander;

c.    Determine an appropriate fine, of not more than $500 per offense, but

sufficient to penalize Ortho for violations of § 292(a) and to deter Ortho and others

similarly situated from violating § 292(a) in the future, for each offense of false marking, one half of which shall be paid over to the United States;

     d.     Award Hollander the costs associated with this litigation;

     e.     Determine that this case is "exceptional" under 35 U.S.C. § 285 and, based on such determination, award Hollander reasonable attorney fees; and

     f.     Grant Hollander such other and further relief as the Court may deem just and equitable.

### Request for Jury Trial

Pursuant to Fed.R.Civ.P. 38(b)(1), Hollander hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**LAYSER & FREIWALD, P.C.**

/s/Aaron J. Freiwald  AF8799
Aaron J. Freiwald
1500 Walnut Street
18th Floor
Philadelphia, PA  19102
(215) 875-8000

Attorneys for Plaintiff/Relator
Bentley A. Hollander

DATED: March 1, 2010