IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENTLEY A. HOLLANDER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-00836 |
| | : | |
| ORTHO-McNEIL-JANSSEN | : | |
| PHARMACEUTICALS, INC. | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM

BUCKWALTER, S. J.                                                                                       January 10, 2012

Currently pending before the Court are Plaintiff Bentley A. Hollander's Motion to Dismiss Without Prejudice and Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc.'s Motion for Judgment on the Pleadings.  For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

### I.     FACTUAL AND PROCEDURAL HISTORY

On March 1, 2010, Plaintiff, a resident of Philadelphia, Pennsylvania, commenced this qui tam action on behalf of the United States against Defendant, a pharmaceutical company headquartered in New Jersey, for violations of the federal false marking statute, 35 U.S.C. § 292(a).[1]  On May 17, 2010, Defendant moved to stay the case pending resolution of two cases in the Federal Circuit, or in the alternative, to dismiss based on Plaintiff's insufficient standing and

---

[1] Specifically, Plaintiff alleges that Defendant "repeatedly and knowingly violated 35 U.S.C. § 292(a) by falsely marking numerous units of its products for the purpose of deceiving the public into believing that the products were covered by valid patents when, in fact, such patents had expired."  (Am. Compl. ¶ 2.)  Based on these allegations, Plaintiff brought forty-one counts of false marking against Defendant, (id. ¶¶ 105-350), seeking up to a $500 fine per violation, with one half of which to be paid to the United States.  (Id. at Prayer for Relief.)

failure to state a claim. On October 21, 2010, this Court denied the Motion to Stay and granted the Motion to Dismiss without prejudice, finding that Plaintiff had standing to bring the claim, but had failed to state a claim upon which relief could be granted. Hollander v. Ortho-McNeil-Janssen Pharms., Inc., No. Civ.A.10-00836, 2010 WL 4159265 (E.D. Pa. Oct. 21, 2010). Plaintiff filed an Amended Complaint on November 22, 2010. On December 9, 2010, Defendant moved to dismiss the Amended Complaint for failure to state a claim, and the Court denied this Motion on April 5, 2011. Hollander v. Ortho-McNeil-Janssen Pharms., Inc., No. Civ.A.10-00836, 2011 WL 1288676 (E.D. Pa. Apr. 5, 2011).

On September 16, 2011, President Barack Obama signed into law the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 ("the America Invents Act" or "the Act"). See FLFMC, LLC v. Wham-O, Inc., No. Civ.A.2011–1067, 2011 WL 4952991, at *1 (Fed. Cir. Oct. 19, 2011). The Act amended 35 U.S.C. § 292 to eliminate the qui tam provision upon which Plaintiff's cause of action is based. Id. As a result, on October 17, 2011, Plaintiff moved to dismiss his own action—albeit without prejudice, so as to preserve his right to bring future claims or reinstate the present case. In response, Defendant filed a Motion for Judgment on the Pleadings on October 21, 2011.

## II.  DISCUSSION

Prior to the enactment of the America Invents Act in September 2011, any person could bring a claim for a violation of the false marking statute, including a claim that a product was marked with an expired patent. See Hollander, 2010 WL 4159265, at *4-5. Now, however, private suits may only be brought by people who have "suffered a competitive injury as a result of a violation" of the false marking statute, and damages are limited to that which is "adequate to

compensate for the injury." Pub. L. No. 112-29, § 16(b)(2), 125 Stat. 284, 329.  In addition, the marking of a product with an expired patent number is no longer a violation of the false marking statute.  Id. § 16(b)(3).  Finally, the Act states that "[t]he amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act."  Id. § 16(b)(4).

Plaintiff acknowledges that he is not a competitor of Defendant and has not suffered any competitive injury, thereby conceding that the America Invents Act has eliminated his pending cause of action against Defendant.  (Pl.'s Mot. Dismiss ¶ 2.)  Nevertheless, Plaintiffs contends that "by making the amendments to § 292 standing applicable retroactively, the United States has effected an unconstitutional taking of [his] vested property rights without due process of law or just compensation."  (Id. ¶ 3.)  Plaintiff has therefore asked the Court to dismiss his action without prejudice so that: (1) he may pursue his constitutional claims against the United States in the Court of Federal Claims, and (2) in the event that the Act is found to be unconstitutional, he can reinstate the present case against Defendant.  (Id. ¶ 5.)

In response, Defendant has filed a Motion for Judgment on the Pleadings, in which it notes that Plaintiff is not actually challenging the constitutionality of the America Invents Act in the current action.  (Def.'s Mem. Supp. Mot. J. Pleadings 6.)  Rather, "he seeks a dismissal without prejudice that would allow him to reinstate his action in case the retroactivity provision *may* one day be found unconstitutional in some other action."  (Id.)  Defendant contends that there is no legal basis for Plaintiff's request and that, because the America Invents Act deprives Plaintiff of standing, this case should be dismissed with prejudice.  (Id.)

The Court agrees with Defendant.  With respect to Plaintiff's first argument, it is not clear

how dismissing this case with prejudice would impact Plaintiff's ability to bring constitutional claims—which are not included in the Amended Complaint—against the United States, which is not a party to this action.  The Court finds that Plaintiff is free to pursue his cause of action against the United States in the Court of Federal Claims regardless of the manner in which this case is dismissed.

The Court is also unpersuaded that this action should be dismissed without prejudice so that Plaintiff may reinstate his claims against Defendant in the event the Act is overturned.  First, the Court notes that "a strong presumption of validity attaches to an Act of Congress." Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 402 F. Supp. 251, 254 (3d Cir. 1975) (citing United States v. Carolene Prods. Co., 304 U.S. 144, 152 (1938)).  In the absence of a direct, pleaded challenge to the constitutionality of the America Invents Act in the present litigation, the Court presumes that the Act is valid, applies to the current case, and eliminates Plaintiff's standing to sue Defendant under 35 U.S.C. § 292.  Second, Plaintiff has not cited to—and the Court has not been able to identify—any authority to support the argument that a party who lacks standing may preserve a claim based on the possibility that, at some uncertain future date, the law that deprives him of standing may be overturned.  Accordingly, Plaintiff's Motion to Dismiss Without Prejudice is denied and Defendant's Motion for Judgment on the Pleadings is granted.

### III.   CONCLUSION

As it currently stands, the America Invents Act is a valid statute that deprives Plaintiff of standing to bring a cause of action against Defendant under 35 U.S.C. § 292.  Therefore, Plaintiff's Motion to Dismiss Without Prejudice is denied and Defendant's Motion for Judgment on the Pleadings is granted.  Nothing in this Memorandum or the accompanying Order should be

interpreted to deprive Plaintiff of the right to challenge the validity of the America Invents Act in the Court of Federal Claims.

An appropriate Order follows.